Filed 3/20/13  P. v. Johnson CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LACEDRIC W. JOHNSON,<br><br>        Defendant and Appellant. | A136223<br><br>(San Mateo County<br>  Super. Ct. No. SC036915A) |

Defendant Lacedric W. Johnson appeals from an order, dated June 11, 2012, which denied his motion to correct an unauthorized sentence.  His appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, and asks us to independently review the record.  Defendant has also submitted a supplemental letter brief asking us to consider two issues.  We have examined the entire  record in accordance with *People v. Wende*.  For reasons set forth below, we agree with appellate counsel that no arguable issues exist on appeal.  Accordingly, we affirm the order.

**FACTS**

**A.      Background**

After a jury trial in 1996, defendant was convicted of carjacking (Pen. Code, § 215, subd. (a)[1]) and assault with a firearm (§ 245, subd. (a)).  As to each count, the jury found true that defendant used a firearm (§ 1203.06, subd. (a)(1), 12022.5, subd. (a)), discharged a firearm at an occupied vehicle (former § 12022.5, subd. (b)(1)), and

---

[1]      All further unspecified statutory references are to the Penal Code.

inflicted great bodily injury(§ 12022.7, subd. (a)) on the carjacking victim. After a bench trial, the trial court found true that defendant had suffered a prior strike conviction for first degree robbery (§§ 667, subd. (a), 1170.12, subd. (c)(1), and had served a prior prison term for a burglary conviction within the meaning of section 667.5, subdivision (b). Defendant was sentenced on April 28, 1997, to an aggregate term of 36 years, consisting of nine years (aggravated term) for carjacking, doubled for a prior strike conviction, plus consecutive terms of 10 years (aggravated term) for weapon enhancement (§ 12022.5, subd.(a)), five years for a prior serious felony conviction, and three years for great-bodily-injury enhancement. The court also imposed but stayed the sentences on the assault conviction and the related enhancements pursuant to section 654. Defendant filed an unsuccessful direct appeal and a consolidated petition for writ of habeas corpus, and review was denied by the Supreme Court. (*People v. Johnson* (Feb. 22, 1999, A079137, A082014) [nonpub. opn.], review denied June 3, 1999, S077790.)

### B.    Current Proceeding

In April 2012, defendant in propria persona filed this motion to correct an unauthorized sentence, challenging his sentence as illegal on three grounds: (1) the imposition of the upper term of 10 years for the weapon enhancement was in error as no aggravating factors were submitted to the jury nor proven beyond a reasonable doubt in violation of *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*); *Blakely v. Washington* (2004) 542 U.S. 296 (*Blakely*), and *Cunningham v. California* (2007) 549 U.S. 270 (*Cunningham*); (2) at the time of sentencing, section 1170.1, subdivision (e), purportedly provided that for a carjacking conviction, the trial court could not impose both weapon and great-bodily-injury enhancements, but only the greater enhancement; and (3) while the trial court mentioned several aggravating factors for imposing the upper term on the carjacking conviction, the trial court failed to state its reasons for imposing an aggravated term on the weapon enhancement.[2]

---

[2]    In his motion papers, defendant set forth the first two arguments in separate point headings, the third argument appears under the title "CONCLUSION."

By a written order filed June 11, 2012, the trial court denied the motion. In its discussion, the trial court only addressed defendant's first two arguments. The trial court found that because defendant's 1997 sentence was final prior to the United States Supreme Court's *Blakely* decision, . . . the law as stated in *Apprendi*, *Cunningham*, *Blakely*, and [*In re*] *Gomez* [(2009) 45 Cal.4th 650)], "does not require the judgment to be set aside in this case, and the trial court did not unlawfully sentence [d]efendant beyond the statutory maximum." The trial court also found defendant's sentence was not illegal under section 1170.1, subdivision (e), because at the time of defendant's sentence, that statute allowed the trial court to impose both weapon and great-bodily-injury enhancements for a carjacking conviction. Defendant filed a timely appeal.[3] (§ 1237, subd. [b].)

## DISCUSSION

We have reviewed the entire record and defendant's contentions and conclude there are no issues warranting further briefing.

The trial court correctly determined that defendant had not been illegally sentenced in 1997. Because defendant's sentence was final prior to *Blakely*, he was not entitled to any relief under *Apprendi* and its progeny. (*In re Gomez, supra*, 45 Cal.4th at p. 653.) The trial court also properly found that defendant's sentence was not illegal under section 1170, subdivision (e), as at the time of sentence, that statute expressly allowed the imposition of both weapon and great-bodily-injury enhancements on a carjacking conviction. (Stats. 1993, ch. 610, §§ 15, 15.98; Stats 1993, ch. 611, § § 17,

---

[3]     Before filing his notice of appeal, defendant filed in this court a petition for writ of mandate/prohibition seeking relief from the trial court's denial of his motion. (*In re Johnson*, A135910.) We summarily denied his petition on July 12, 2012. Defendant then sought review of this court's denial of his petition in the California Supreme Court. On September 19, 2012, the Supreme Court denied the petition for review, stating "Penal Code section 1170.1, subdivision (e), was amended to include the crime of carjacking as of January 1, 1994. (Stats. 1993, ch. 610, §§ 15, 15.98; Stats. 1993, ch. 611, §§ 17, 17.98.)" (*In re Johnson*, S204477).) Because the documents related to defendant's petition for writ review in our court and the California Supreme Court are not necessary for our resolution of this appeal, we deny appellate counsel's request that we take judicial notice of those documents.

17.98 [amending section 1170.1, subdivision (e), to include the crime of carjacking as of January 1, 1994].)

In his supplemental letter brief, defendant raises two issues. First, defendant argues that during his 1996 jury trial, the trial court erred when it admitted proof of "a constitutionally invalid" prior 1991 felony conviction, which was used to enhance his sentence and to impeach his credibility during his trial. According to defendant his 1991 conviction was "constitutionally invalid" because his appellate counsel in that case filed a *Wende* brief on direct appeal but never advised defendant of his rights to file a supplemental brief or to waive counsel on appeal, which resulted in his being unrepresented on that appeal by counsel. However, defendant's assertions alleging ineffective assistance of counsel, which were not presented in the trial court, "cannot be resolved on the present record." (*People v. Kelly* (2006) 40 Cal.4th 106, 126.) [4] Our Supreme Court has "repeatedly stressed 'that "[if] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' [Citation.] A claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding." (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267) Second, defendant argues that at sentencing, the trial court impermissibly relied on "dual facts" in imposing aggravating terms for carjacking, assault, and the related weapon enhancements. However, the contention, even if true, would not render the sentence unauthorized and therefore reviewable at any time. (*People v. Smith* (2001) 24 Cal.4th

---

[4] Defendant asks us to take judicial notice of our files and records in his prior 1992 direct appeal from the 1991 conviction in case number A057175. Because those files and records cannot be "properly considered in isolation and [would] not establish facts that would allow resolution" of defendant's claims of ineffective assistance of counsel, we deny the request for judicial notice. (*In re Vicks* (2013) __ Cal.4th ___, ___ [2013 Cal. Lexis 1501, p. *95; *id.* at p. *94 [" 'while courts are free to take judicial notice of the *existence* of each document in a court file, including the truth of results reached, they may not take judicial notice of the truth of hearsay statements in decisions and court files' "].)

849, 852.)  To the extent the issue was preserved for review, it could and should have been raised on direct appeal from the judgment of conviction.  (See *In re Harris* (1993) 5 Cal.4th 813, 841 [a claim that a court acted in excess of its jurisdiction where such issue could have been raised on appeal may be entertained only if a redetermination of the facts underlying the claim is unnecessary].)  To the extent the issue was not preserved, then it was forfeited and precludes our review.  (*People v. Scott* (1994) 9 Cal.4th 331, 353-354.)

Thus, we affirm the trial court's order denying defendant's motion to correct an unauthorized sentence on the ground of illegality.

## DISPOSITION

The order is affirmed.


_____
Jenkins, J.


We concur:


_____
McGuiness, P. J.


_____
Siggins, J.